IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CHAVEZ,<br><br>       Plaintiff,<br><br>       v.<br><br>EAST BAY DRAYAGE DRIVERS<br>SECURITY FUND PLAN, et al.,<br><br>       Defendants. | Case No.  24-cv-03487-MMC<br><br>**ORDER GRANTING DEFENDANTS BRADLEY AND PILLER'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Before the Court are defendants Lorrie E. Bradley ("Bradley") and Geoffery L. Piller's ("Piller") "Motion for Summary Judgment," filed February 11, 2026, and plaintiff Leah Chavez's "Cross-Motion for Summary Judgment," filed March 6, 2026.  The motions have been fully briefed.  Having read and considered the papers filed in support of and in opposition thereto as well as the applicable administrative record, the Court VACATES the hearing scheduled for May 22, 2026, and rules as follows.[1]

## BACKGROUND

Plaintiff was a participant of the East Bay Drayage Drivers Security Fund Plan (the "Plan"), which provides benefits to certain employees who were members of Teamsters Local 70 (see Administrative Record ("AR") 44; see also Bradley Decl. ¶ 2), including her husband (see AR 144; see also Second Amended Complaint ("SAC") ¶¶ 7, 9).  On September 28, 2023, plaintiff's benefits were terminated due to the Plan's determination that her marriage had ended.  (See AR 198.)  Plaintiff thereafter initiated an administrative appeal of the termination of benefits, which appeal was denied. (See AR 186-87; see also SAC ¶ 30.)

---

[1] The May 22 hearing is not vacated as to the other motions scheduled for hearing on that date.

United States District Court<br>Northern District of California

Based thereon, plaintiff filed the instant action against the Plan, its Board of Trustees (the "Board"), and the Plan administrators, as well as Bradley and Piller, the Plan's lawyers.

**LEGAL STANDARD**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317, 106 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, (1986), and Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." See Celotex, 477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted).  "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

**DISCUSSION**

By the instant action, plaintiff asserts two claims against defendants Bradley and Piller, namely, "Breach of Fiduciary Duty" and "Interference With Plaintiff's Rights Under ERISA."

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.   Breach of Fiduciary Duty**

An ERISA plaintiff may assert a claim for breach of fiduciary duty against a professional, e.g., an accountant or attorney, who is not named as a plan fiduciary, but only by showing such individual has "perform[ed] more than the usual professional services."  See Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995) (holding plaintiff stated claim for breach of fiduciary duty against pension plan's accountant and actuary where those defendants had "discretionary control over the management of the [p]lan").

Here, plaintiff has failed to raise a genuine issue of material fact as to whether Bradley and Piller, both of whom are retained as attorneys for the Plan, performed more than the usual professional services in advising their client in connection with plaintiff's eligibility for benefits under the Plan.

 In particular, in support of their motion, Bradley and Piller have submitted declarations averring the work they performed with respect to plaintiff's claim consisted of reviewing various documents and providing legal advice based thereon.  (See Bradley Decl. ¶¶ 4-6; Piller Decl. ¶¶ 3-5.)  Although plaintiff disagrees with the legal advice provided and criticizes the adequacy of the legal work done in advance thereof (see, e.g., Pl.'s Cross-Mot. at 15:23-27; id. 17:19-22), such challenge does not constitute the type of showing necessary to support a finding of fiduciary status.  See Yeseta v. Baima, 837 F.2d 380, 385 (9th Cir. 1988) (listing examples of attorney conduct sufficient to constitute more than usual professional functions).

Plaintiff's characterization of the legal work performed by Bradley and Piller as "usurp[ing] the Board of Trustee's [sic] discretion" (see Pl.'s Cross-Mot. at 15:5) and exercising "control over the Fund's claim's process" (see Pl.'s Reply at 1:5), likewise is unavailing.  The evidence she submits, namely, Board meeting minutes (see Pl.'s Cross-Mot. at 16 (citing AR 158)) and email communications between Bradley and Piller and the Plan administrator and Board (see id. at 16-17 (citing AR 417-19, 479)), reflects no more than traditional legal services.

Accordingly, summary judgment will be granted in favor of defendants Bradley and Piller on plaintiff's breach of fiduciary duty claim.

**B.      Interference With Plaintiff's Rights Under ERISA**

In her reply, plaintiff states she "is no longer pursuing [an ERISA Inference] claim against [Bradley and Piller]" (see Pl.'s Reply at 11:5-10), which the Court construes as an amendment governed by Rule 16 of the Federal Rules of Civil Procedure, which in turn, requires a showing of good cause. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) (holding "withdrawals of individual claims against a given defendant" are treated as "amendments to pleadings"); see also Quan v. Cnty. of Los Angeles, No. 24-cv-04805, 2025 WL 3691863, at *2 n.3 (C.D. Cal. Nov. 17, 2025) (holding "[a]mendments sought to be effected after the deadline specified in a scheduling order are governed by the good cause standard of Rule 16(b)").[2]  In stating she is no longer pursuing her ERISA Interference claim, plaintiff offers "no good cause to permit [such] unilateral voluntary withdrawal." See id.

Accordingly, summary judgment will be granted in favor of defendants Bradley and Piller on plaintiff's ERISA Interference claim.  See id. (rejecting plaintiff's voluntary dismissal as "attempt to deprive the defendant of a ruling on [its] summary judgment motion").

**CONCLUSION**

For the reasons stated above, defendants Lorrie E. Bradley and Geoffery L. Piller's Motion for Summary Judgment is hereby GRANTED, and plaintiff's Cross-Motion for Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2026

MAXINE M. CHESNEY
United States District Judge

---

[2] In its scheduling order, the Court set January 17, 2025, as the deadline to amend the pleadings. (See Doc. No. 76.)